**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN EDWARD TAYLOR, JR.,

        Petitioner,                             Case Number: 08-cv-10251

v.                                     HON. JOHN CORBETT O'MEARA

NICK LUDWICK,

        Respondent.
_____/

**ORDER OF SUMMARY DISMISSAL**

Petitioner John Edward Taylor, Jr., is a state inmate currently incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

**I.**

Petitioner pleaded guilty in Oakland County Circuit Court to bank robbery. On August 25, 2006, he was sentenced to 5 to 40 years' imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. People v. Taylor, No. 277840 (Mich. Ct. App. June 27, 2007). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which also denied leave to appeal. People v. Taylor, No. 134757 (Mich. Nov. 29, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus. He presents the following claims:

    I.    Whether the circuit court committed plain error in denying Petitioner's motion for resentencing where the presentence information report used at sentencing was manifestly inaccurate in that it referenced a murder charge against defendant-

appellant of which he had not been conviction.

II. Whether the trial court erred by scoring Petitioner's guidelines based upon facts neither proved beyond a reasonable doubt to a jury nor admitted by Petitioner, in violation of Petitioner's rights under the Sixth Amendment to the federal Constitutional per Blakely v. Washington, 542 U.S. 296 (2004).

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be denied.

### B.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that

3

court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

### III.

### A.

In his first habeas claim, Petitioner argues that the trial court erred in denying his motion for resentencing because the presentence information report was inaccurate in that it referenced a murder charge of which Petitioner had not been convicted.

A sentence violates due process when "it was carelessly or deliberately pronounced on an extensive and materially false foundation which the prisoner had no opportunity to correct." Draughn v. Jabe, 803 F. Supp. 70, 80 (E.D. Mich. 1992), *aff'd,* 989 F.2d 499 (6th Cir. 1993), *citing* Townsend v. Burke, 334 U.S. 736, 741 (1948). A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." United States v. Stevens, 851 F.2d 140, 143 (6th Cir. 1988). Further, the Supreme Court has long upheld the philosophy that, in sentencing a defendant, "'the punishment should fit the offender and not merely the crime.'" Roberts v. U.S., 445 U.S. 552, 556 (1980), *quoting* Williams v. New York, 337 U.S. 241, 247 (1949). The Court has reaffirmed the "'fundamental sentencing principle' that 'a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it came.'" Id., *quoting* Williams, 337 U.S. at 250. The Court, however, has held that a sentence imposed on the basis of

4

"'misinformation of constitutional magnitude'" violates due process. Id., *quoting* U.S. v. Tucker, 404 U.S. 443, 447 (1972). The Sixth Circuit Court of Appeals has held that a sentencing court need not limit itself to consideration of the crime for which a defendant is being sentenced in determining the severity of the sentence to be imposed. Potter v. Yukins, 6 Fed. Appx. 295, 296-97 (6th Cir. 2001). *See also* U.S. v. Johnson, 767 F.2d 1259, 1276 (8th Cir. 1985) (sentencing court may consider uncorroborated hearsay and criminal activity for which the defendant has not been prosecuted), *cited with approval in* Potter, 6 Fed. Appx. at 297. The petitioner may obtain habeas corpus relief regarding this sentencing claim only if he shows "that the information in question was materially false and the trial court relied on it." *See* Potter, 6 Fed. Appx. at 296.

Petitioner acknowledges that the sentencing judge, in denying his motion for resentencing, held that the reference to the murder charge did not impact the sentencing decision. Petition at p. 2. Because the sentencing judge stated that he did not rely on the murder charge, Petitioner cannot show that the trial court relied on materially false information. Therefore, Petitioner cannot establish a due process violation.

**B.**

Second, Petitioner argues for habeas relief because, he claims, the trial court increased his sentence in reliance upon facts not presented at the plea or sentencing hearings in violation of the Sixth Amendment and Fourteenth Amendment. *See* Blakely v. Washington, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury).

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther

5

than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Michigan has an indeterminate sentencing system for most crimes, including criminal sexual conduct and habitual offender. The maximum term of imprisonment is set by law. Mich. Comp. Laws § 769.8(1); *see also* People v. Drohan, 475 Mich. 140, 160-61 (2006). In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

Blakely, 542 U.S. at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." Apprendi, 530 U.S. at 490. Under Michigan law, the statutory maximum for bank robbery is life imprisonment. In this case, the sentencing court did not impose a sentence beyond the statutory maximum. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because Blakely does not apply to indeterminate sentencing schemes

6

like the one utilized in Michigan, the trial court's scoring of the sentencing guidelines did not violate Petitioner's constitutional rights. *See* Tironi v. Birkett, No. 06-1557, 2007 WL 3226198, * 1 (6th Cir. Oct. 26, 2007). ("Blakely does not apply to Michigan's indeterminate sentencing scheme."); Minner v. Vasbinder, 2007 WL 1469419, * 4 (E.D. Mich. May 21, 2007); Chatman v. Lafler, 2007 WL 1308677, *2 (E.D. Mich. May 3, 2007); Jones v. Bergh, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006). Petitioner has thus failed to state a claim upon which habeas relief may be granted.

### IV.

For the reasons stated, Petitioner has failed to show that he is incarcerated in violation of the Constitution or laws of the United States. Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED**.

s/John Corbett O'Meara
United States District Judge

Date: January 28, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 28, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager